**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BETTY ANNETTE WATKINS,

Defendant - Appellant.

No. 01-3323
(D.C. No. 00-CV-3462-RDR,
96-CR-40061-01-RDR)
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.
.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant seeks review of the district court's denial of her motion to

vacate her sentence filed pursuant to 28 U.S.C. § 2255. The motion challenged

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

her sentence based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).[1] The district court did not reach the merits of defendant's claim, but instead held that Apprendi does not apply retroactively to a first motion brought pursuant to § 2255.

Defendant was charged with conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count 1) and possession with intent to distribute 16.97 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 2). Following her conviction by a jury, she was sentenced to concurrent terms of 270 months' imprisonment for each count. On direct appeal, her convictions and sentences were affirmed. United States v. Watkins, No. 97-3216, 1999 WL 609542 (10th Cir. July 28, 1999). She then filed a motion for a new trial, which the district court denied. On appeal, this court affirmed that denial. United States v. Watkins, No. 00-3301, 2002 WL 241285 (10th Cir. Feb. 20, 2002), petition for cert. filed (July 1, 2002) (No. 02-5140).

Defendant filed this § 2255 action while her appeal from the denial of the motion for new trial was still pending, alleging she received ineffective assistance

---

[1] Defendant's argument is that the jury was not instructed that the drug quantity was an element of either of the two charges against her. R. Vol. I, doc. 97 at 11. The Court in Apprendi, 530 U.S. at 490, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

of trial counsel and that her sentence violated the rule set forth in Apprendi. The district court denied relief as to both claims. Defendant addresses only the Apprendi sentencing issue in her brief. We therefore deem the challenge to trial counsel's effectiveness waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

In order to proceed with her appeal, defendant needs a certificate of appealability, which requires that she make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(b)(2). The district court denied relief on the ground that although this court had not spoken to the question of whether an Apprendi claim could be raised on an initial § 2255 motion, several circuits had ruled that a defendant could not raise this particular challenge "in a § 2255 motion because it contravenes the rules established in Teague v. Lane, 489 U.S. 288 (1989)." R. Vol. I, doc. 97 at 11.

Defendant would press two arguments on appeal: (1) Apprendi applies in a first § 2255 motion either because it is a substantive rather than a procedural rule, or, alternatively, because it constitutes a "watershed" decision under Teague; and (2) the novelty of Apprendi and the effect of the error in her case establish cause and prejudice permitting the claims to be raised for the first time under § 2255.

As to the first issue, we have recently treated Apprendi as establishing a new rule of procedural, not substantive, criminal law. United States v. Mora, 293

F.3d 1213, 1218-19 (10th Cir. 2002). Additionally, we have held that "Apprendi is not a watershed decision and hence not retroactively applicable to initial habeas petitions." Id. at 1291; see also United States v. Wiseman, 297 F.3d 975, 978 (10th Cir. 2002) (holding that Mora forecloses argument that Apprendi was a watershed decision); Cannon v. Mullin, 297 F.3d 989, 994 (10th Cir. 2002) (holding that Mora's determination that Apprendi announced rule of criminal procedure forecloses argument that subsequent case of Ring v. Arizona, 122 S. Ct. 2428 (2002), announced rule of substantive criminal law).

With respect to the second issue, defendant claims that her Apprendi issue falls within the category of novel claims that may be raised for the first time in a collateral proceeding. The circuits that have directly considered this issue have all found that the argument that drug quantity is an offense element rather than a sentencing factor is not novel. See United States v. Moss, 252 F.3d 993, 1001-03 (8th Cir. 2001), cert. denied, 122 S. Ct. 848 (2002); Valenzuela v. United States, 261 F.3d 694, 700 n.2 (7th Cir. 2001) (holding that novelty of Apprendi not cause for failure to raise issue earlier because foundation for Apprendi laid long before 1992); United States v. Sanders, 247 F.3d 139, 145-46 (4th Cir.) (agreeing with Seventh Circuit that Apprendi claim not novel and therefore not cause for procedural default), cert. denied, 122 S. Ct. 573 (2001); McCoy v. United States, 266 F.3d 1245, 1258-59 (11th Cir. 2001) (agreeing with other circuits that

Apprendi not novel and therefore not cause for procedural default), cert. denied, 122 S. Ct. 2362 (2002). We agree that the Apprendi claim defendant asserts here is not novel. Therefore, defendant cannot raise her Apprendi claim for the first time in this § 2255 proceeding.

Because defendant has failed to show the denial of a constitutional right, we DENY the request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Stephen H. Anderson
Circuit Judge