**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LONNIE RAY WISEMAN,

Defendant-Appellant.

No. 01-2122

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. Nos. CIV-00-1383-JC/LCS, CR-96-72-JC)**

---

Glynette R. Carson McNabb, Assistant United States Attorney, (Norman C. Bay, United States Attorney; David N. Williams, Assistant United States Attorney, with her on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

Jacquelyn Robins, Albuquerque, New Mexico, Court Appointed Attorney for Defendant-Appellant.

---

Before **MURPHY, McWILLIAMS,** and **HARTZ,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I.   INTRODUCTION

Appellant Lonnie Ray Wiseman was convicted, *inter alia*, of two counts of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1).  The jury was not instructed to find the type of firearm used.  Wiseman was nevertheless sentenced to a ten-year term of imprisonment for the first § 924(c)(1) conviction based on the trial court's finding that the firearm was a semiautomatic assault weapon.  Wiseman was also sentenced to a twenty-year term of imprisonment for the remaining § 924(c)(1) conviction because it was a second or subsequent conviction.  On October 2, 2000, Wiseman filed a motion pursuant to 28 U.S.C. § 2255 in which he asserted, *inter alia*, that his § 924(c)(1) convictions were contrary to *Castillo v. United States*, 530 U.S. 120 (2000) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The district court denied Wiseman's § 2255 motion but granted him a certificate of appealability on the *Castillo* and *Apprendi* issues.  Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 28 U.S.C. § 2253(c)(1)(A), we **affirm in part**, **reverse in part**, and **remand** for resentencing.

## II.   FACTUAL BACKGROUND

In an eight-count indictment returned on February 8, 1996, Wiseman was charged with six counts of robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C.1951(a), and two counts of using a firearm during and in

relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). After a jury trial, Wiseman was convicted on all eight counts and sentenced to a 595-month term of federal imprisonment. Wiseman brought a direct appeal and this court affirmed the judgment. *See United States v. Wiseman*, 172 F.3d 1196, 1220 (10th Cir. 1999).

Wiseman then filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Wiseman asserted, *inter alia*, that his § 924(c)(1) convictions violated his Fifth and Sixth Amendment rights because there was no finding by the jury that the firearm was a semiautomatic assault rifle. Wiseman also alleged that his Fifth and Sixth Amendment rights were violated when he was sentenced to 240 months' imprisonment for using a firearm during or in relation to a crime of violence without a finding by the jury that he had a prior § 924(c)(1) conviction. Wiseman relied upon the Supreme Court's decisions in *Castillo v. United States*, 530 U.S. 120 (2000) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), both of which were decided after Wiseman's convictions became final. Wiseman thus argued that *Castillo* and *Apprendi* apply retroactively to initial § 2255 motions.

Wiseman's § 2255 motion was referred to a United States Magistrate Judge who recommended that the motion be denied. After considering Wiseman's objections, the district court adopted the magistrate's recommendation and denied

Wiseman's motion. Wiseman then filed a notice of appeal. The district court granted Wiseman a certificate of appealability on the issue of whether *Castillo* and *Apprendi* should be applied retroactively to his § 2255 motion. Thus, the merits of Wiseman's appeal are properly before this court. *See* 28 U.S.C. § 2253(c)(1)(b) (providing that a movant may not appeal the denial of a § 2255 motion unless he first obtains a certificate of appealability).

## III. DISCUSSION

### A. Standard of Review

This court reviews "the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998). The district court determined that the Supreme Court announced new constitutional rules of criminal procedure in both *Castillo* and *Apprendi*. The court then concluded that the rules did not apply retroactively to Wiseman's § 2255 motion because neither rule satisfied the exceptions enunciated in *Teague v. Lane*, 489 U.S. 288, 311-16 (1989). Pursuant to *Teague*, unless a new constitutional rule of criminal procedure falls within one of two narrow exceptions, it does not apply retroactively on collateral review to cases that became final before the rule was announced. *See id*. at 310.

In this appeal, Wiseman raises two arguments to support his position that *Apprendi* and/or *Castillo* apply retroactively on collateral review. Wiseman's

-4-

argument that *Apprendi* falls within the second exception articulated in *Teague* because it involves a watershed rule of criminal procedure, however, is foreclosed by circuit precedent. *See United States v. Mora*, No. 01-8020, 2002 WL 1317126, at *4, (10th Cir. June 18, 2002) ("*Apprendi* is not a watershed decision and hence is not retroactively applicable to initial habeas petitions."). Thus *Teague* bars Wiseman from raising his *Apprendi* claims in his § 2255 motion and that portion of the district court's order dismissing those claims is **affirmed**.

Wiseman also asserts that *Castillo* does not involve a new constitutional rule of criminal procedure. He contends that *Teague* is thus inapplicable and does not bar the retroactive application of *Castillo* to his initial § 2255 motion. Before addressing this argument, we must first determine whether Wiseman is procedurally barred from raising his *Castillo* claim.

**B.    Procedural Bar**

At the time Wiseman committed the firearms offenses, 18 U.S.C. § 924(c)(1) provided in pertinent part,

> Whoever, during and in relation to any crime of violence . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . . , be sentenced to imprisonment for five years, and if the firearm is a . . . semiautomatic assault weapon, to imprisonment for ten years . . . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years . . . .

18 U.S.C. § 924(c)(1) (1994). Although the indictment alleged that the firearm used by Wiseman was a semiautomatic assault weapon, the applicable jury instruction did not require a finding by the jury on the type of firearm. Instead, the trial court determined that Wiseman had used a semiautomatic assault weapon. Wiseman was therefore sentenced to a ten-year term of imprisonment for the first § 924(c)(1) conviction and an additional twenty-year term for the second § 924(c)(1) conviction. Wiseman now asserts that his convictions should be vacated because the type of firearm used must be submitted to the jury and proved beyond a reasonable doubt. *See Castillo*, 530 U.S. at 131. Wiseman concedes that he did not object to the jury instruction on this basis and did not raise the issue on direct appeal.

Generally, a movant is barred from raising an alleged error affecting his conviction or sentence for the first time on collateral review unless he can show both cause for the default and actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982) (failure to make a contemporaneous objection); *United States v. Khan*, 835 F.2d 749, 753-54 (10th Cir. 1987) (failure to raise issue on direct appeal); *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (applying cause and prejudice standard to a collateral attack on a sentence). A movant can show cause for the procedural default if he can demonstrate that his claim was "so novel that its legal basis [was] not reasonably available to counsel." *Reed v.*

*Ross*, 468 U.S. 1, 16 (1984).  Cause can also be established by showing that counsel rendered constitutionally ineffective assistance.  *See Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *United States v. Kissick*, 69 F.3d 1048, 1054-55 (10th Cir. 1995).  Additionally, the § 2255 movant who challenges his conviction can overcome the procedural bar if he can demonstrate that the constitutional error "has probably resulted in the conviction of one who is actually innocent."  *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (quotation omitted).

Notwithstanding the obvious availability of the procedural bar defense in this case, the government did not raise it before the district court, did not argue it in its appellate brief, and at oral argument expressed the belief that it was not necessary to advance it in this case.  Ordinarily, issues not raised by a party on appeal are deemed waived.  This court, however, may raise and enforce the procedural bar *sua sponte*.  *See Allen*, 16 F.3d at 379 n.2.  Whether we do so depends on a weighing of various factors, including the interests in finality and "the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice."  *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992); *see also Allen*, 16 F.3d at 378, 379 & n.2.  Raising and enforcing the procedural bar *sua sponte* advances the interest in finality and encourages efficiency by requiring a defendant to present issues on direct appeal

rather than in a collateral attack. *See Hardiman v. Reynolds*, 971 F.2d 500, 504 (10th Cir. 1992). In this case, however, those interests are outweighed by two other factors.

Consideration of the procedural bar would not be an efficient use of judicial resources in this case. Before this court may enforce the procedural bar *sua sponte*, the movant must be given notice and a reasonable opportunity to respond to the defense. *See id.* at 505. To provide Wiseman the opportunity, this court would be required to order supplemental briefing or, possibly, remand the issue to the district court. The merits of Wiseman's claims, however, have been fully briefed and the record is fully developed on the merits. At this late stage in this case, it is clearly inefficient to digress from the merits of Wiseman's claims and delve into the procedural bar issue *sua sponte*. *See Manlove v. Tansy*, 981 F.2d 473, 476 n.4 (10th Cir. 1992) (declining to enforce the procedural bar *sua sponte* "because of the late stage of the proceedings"). Resolution of the procedural bar issue would necessarily delay the disposition of Wiseman's § 2255 motion and in this case would not serve "the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *Hines*, 971 F.2d at 509.

The government's apparent deliberate waiver of the procedural bar defense also persuades us that this is not an appropriate case in which to enforce the bar

*sua sponte*. This court has recognized that "in an adversarial system such as ours, it will generally be better to consider only those defenses that are properly raised by the parties." *Hardiman*, 971 F.2d at 505. We have cautioned that the maintenance of an adversarial system of justice weighs against invoking the procedural bar defense *sua sponte* in many cases. *See Hines*, 971 F.2d at 509. This consideration is more pertinent when the government never raises the defense than when the government raises it belatedly. The government's complete failure to assert the procedural bar defense weighs heavily against its *sua sponte* enforcement. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) ("Where omission is the result of a purposeful or deliberate decision to forgo the [procedural bar] defense, the [] court should, in the typical case, presume that waiver to be valid."); *Smith v. Horn*, 120 F.3d 400, 409 (3d Cir. 1997) ("[W]here the state has never raised the [procedural default] issue at all, in any court, raising the issue sua sponte puts us in the untenable position of ferreting out possible defenses upon which the state has never sought to rely.").

For these reasons, it would be inappropriate to raise and enforce the procedural bar *sua sponte* in this case and we proceed to the merits of Wiseman's *Castillo* claims.

### C.    Retroactive Application of *Castillo*

In *Castillo*, the Supreme Court held that the references to particular

firearms in 18 U.S.C. § 924(c)(1) defined separate, aggravated crimes and were not merely sentencing factors. *See* 530 U.S. at 131. Thus, to obtain convictions for the aggravated offenses delineated in § 924(c)(1), the type of firearm used by a defendant must be charged in the indictment, presented to the jury, and proved by the government beyond a reasonable doubt.

It is undisputed that the trial court rather than the jury found that Wiseman used a semiautomatic assault weapon when he committed the Hobbs Act robberies. Wiseman argues that his convictions and sentences for the two § 924(c)(1) violations therefore do not comport with *Castillo* and that his Fifth and Sixth Amendment rights were violated because the type of weapon was not submitted to the jury and proved by the government beyond a reasonable doubt. *See United States v. Gaudin*, 515 U.S. 506, 510 (1995) ("We have held that [the Fifth and Sixth Amendments] require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."). The government does not address the merits of Wiseman's assertions but argues that *Castillo* does not apply retroactively on collateral review and thus Wiseman cannot rely on *Castillo* to support the claims raised in his § 2255 motion.

In *Teague v. Lane* the Supreme Court announced a general rule that "new constitutional rules of criminal procedure will not be applicable to those cases

which have become final before the new rules are announced." 489 U.S. at 310. Unless such a rule falls within one of two exceptions articulated in *Teague*, it cannot be applied on collateral review. *See Johnson v. McKune*, 288 F.3d 1187, 1197 (10th Cir. 2002).

The Court has made it clear, however, that the non-retroactivity rule announced in *Teague* "applies only to procedural rules" and is "inapplicable to the situation in which [the] Court decides the meaning of a criminal statute enacted by Congress." *Bousley*, 523 U.S. at 620. There is a reasoned basis for this limitation on *Teague* nonretroactivity. Because a federal statute can have but one meaning, the judicial announcement of that meaning does not constitute a new rule or a change in the law.[1] *See United States v. Shelton*, 848 F.2d 1485, 1489 (10th Cir. 1988) (en banc) ("[A] statute cannot mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards." (quotation omitted)). By considering on collateral review a statute that was interpreted after the defendant's conviction became final, a court is simply applying the substantive law as it existed at the time the crime was committed. Retroactive application of the newly announced interpretation merely ensures that

---

[1]We recognize that statutes are subject to reinterpretation by courts and that, in some circumstances, the retroactive application of the reinterpreted statute implicates due process concerns. *See Rogers v. Tennessee*, 532 U.S. 451, 461 (2001). Those due process concerns are not implicated in the context of this case.

the defendant's trial conformed to the law in effect at the time of the proceedings. Thus, the finality concerns that support the *Teague* nonretroactivity rule are not present. *See Teague*, 489 U.S. at 309 ("Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system.").

The Court's holding in *Castillo* was based solely on its interpretation of § 924(c)(1), a federal statute that was indisputably in effect at the time Wiseman committed the firearms offenses. The *Castillo* Court did not announce a new constitutional rule of criminal procedure; it construed a criminal statute to require a jury determination on the type of firearm used by the defendant. *See Castillo*, 530 U.S. at 131 ("Congress intended the firearm type-related words it used in § 924(c)(1) to refer to an element of a separate, aggravated crime."). Thus, *Teague* does not bar *Castillo*'s retroactive application on collateral review.[2]

The government does not present any argument that Wiseman's trial was conducted in conformity with *Castillo*. The government, however, does contest Wiseman's contention that both § 924(c)(1) convictions and sentences should be

_____

[2]The government also argues that *Castillo* does not apply to Wiseman's § 2255 motion because the Supreme Court has not made the holding retroactive to cases on collateral review. The cases and statutes relied upon by the government to support this argument, however, are wholly inapplicable because they govern only second or successive habeas petitions. *See  Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001) (en banc) ("*Teague*'s retroactivity analysis thus determines whether the new rule is applicable to an *initial* motion for collateral habeas relief." (emphasis in original)).

vacated. We agree with the government that Wiseman's convictions should not be vacated.

The version of § 924(c)(1) applicable at the time of Wiseman's trial set out three substantive crimes: (1) the use of a firearm during the commission of a crime of violence; (2) the use of a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon during the commission of a crime of violence; and (3) the use of a machine gun, destructive device, or firearm equipped with a firearm silencer or muffler during the commission of a crime of violence. *See* 18 U.S.C. § 924(c)(1) (1994). We have reviewed the indictment and it is clearly sufficient to charge Wiseman with the first offense delineated in § 924(c)(1)—using a firearm during the commission of a crime of violence. Further, the jury was instructed to find Wiseman guilty of the § 924(c)(1) charges if they were convinced that the government had proved that Wiseman committed a crime of violence and used a firearm during the commission of such crime. The indictment described the firearm as a "Model Tec-9 semiautomatic assault rifle." The jury, however, was not required to find that the firearm Wiseman used was the one named in the indictment or that it was a semiautomatic assault weapon. Although the jury instruction cannot support Wiseman's convictions for the aggravated crime of using a semiautomatic assault weapon during the commission of a crime of violence, the instruction and the indictment are clearly sufficient to

support two convictions for the separate crime of using a nondescript firearm during the commission of a crime of violence.

In his direct appeal, Wiseman argued that he did not use or carry the firearm. This court, however, rejected his argument. *See Wiseman*, 172 F.3d at 1217. Accordingly, in this appeal Wiseman does not and cannot dispute the jury's finding that he used or carried a firearm during the commission of a crime of violence. Because the jury found, beyond a reasonable doubt, that Wiseman was guilty of a crime charged in the indictment, his two § 924(c)(1) convictions should not be vacated. At the time Wiseman committed the two firearms offenses, § 924(c)(1) prescribed a five-year sentence for a first conviction of the crime of using a firearm during the commission of a crime of violence. *See* 18 U.S.C. § 924(c)(1) (1994). Because the sentence Wiseman received for his first § 924(c)(1) conviction exceeds five years, that sentence must be vacated and Wiseman must be resentenced to the term of imprisonment imposed for the crime of using a nondescript firearm during the commission of a crime of violence. Wiseman, however, is entitled to no relief under *Castillo* from the twenty-year consecutive sentence he received for the second § 924(c)(1) conviction. To support that sentence, the jury was only required to find that Wiseman used a nondescript firearm during the commission of a crime of violence; the sentence was not contingent upon a jury finding that the firearm was a semiautomatic

-14-

assault weapon. *See id.* ("In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years . . . ."). There is no indication in *Castillo* that the "second or subsequent conviction" requirement is an element of the offense, as opposed to a sentencing factor.

## IV.    CONCLUSION

The order of the district court denying Wiseman's § 2255 motion is **reversed in part**. The matter is **remanded** to the district court with instructions to vacate the sentence Wiseman received for his first § 924(c)(1) conviction and resentence him in conformity with this opinion.