UNITED STATES of America,

v.

Adam A. DEAN, Defendant

No. CRIM. 00–50–B–S.
No. Civ. 02–102–B–S.

United States District Court,
D. Maine.

Dec. 2, 2002.

Adam A. Dean, Butner, NC, pro se.

F. Mark Terison, Office of the U.S. Attorney, Portland, ME, Michael D. Love, U.S. Attorney's Office, Bangor, ME, for U.S.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

No objection having been filed to the Magistrate Judge's Recommended Decision filed November 5, 2002, the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that the 28 U.S.C. § 2255 Petition is *DISMISSED.*

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

KRAVCHUK, United States Magistrate Judge.

On April 4, 2001, a jury found Adam Dean guilty of receiving, possessing, and transporting child pornography in violation of three subsections of 18 U.S.C. § 2252A(a). On July 25, 2001, Dean was sentenced to three concurrent eighty-eight-month terms of imprisonment. Dean took no direct appeal. Herein I address a motion for habeas relief Dean filed pursuant to 28 U.S.C. § 2255. The motion raises a single ground: Dean contends that his 18 U.S.C. § 2252A(a) conviction is improper in light of the United States Supreme Court's decision in *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), a case that held that 18 U.S.C. § 2252A's proscription of the receipt, possession, and/or transportation of virtual child pornography and (otherwise legal) pornographic material pandered as child pornography violated the First Amendment of the United States Constitution. (Docket No.40.) The United States has filed a response (Docket No. 42) and has supplemented the record with the transcripts of Dean's trial (Docket No. 44). I now recommend that the Court **DENY** Dean's motion because he failed to raise this challenge before trial, at trial, or in a direct appeal.

### *Discussion*

Dean's single *Free Speech Coalition* based ground is cognizable in this habeas motion as § 2255 allows challenges "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 ¶ 1. Dean's description of his challenge is bare-boned. In support of his contention that *Free Speech Coalition* entitles him to relief he provides the following by way of supporting facts: "I don't believe the images on my computer are actual children." (Sec. 2255 Mot. at 5.)

The United States' argument for leaving Dean's conviction untouched in the face of *Free Speech Coalition* is almost equally skeletal. It baldly states that the uncontested record shows that "Dean's offenses involved '[a]t least sixteen image ... [of] prepubescent minors or minors under the age of 12.'" (Gov't Resp. at 6, quoting presentence report.) It states that these sixteen images "depict actual prepubescent children" and that any "contrary belief is thus refuted by the record." (*Id.*) Based on these assertions the United States contends that Dean's "conduct was criminal and beyond First Amendment protection," and, thus, the *Free Speech Coalition* decision is inapplicable. (*Id.* at 7.)

Resolution of this matter requires a little more analysis. Dean was indicted and found guilty for violations of 18 U.S.C. § 2252A, which, generally stated, makes it a federal crime to receive, transport, sell, possess, or reproduce "child pornography." When Dean was indicted and tried 18 U.S.C. § 2256 defined four classes of child

pornography susceptible to 18 U.S.C. § 2252A prosecution:

"child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct;

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or

(D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct[.]

18 U.S.C. § 2256(8).

In 1999, the First Circuit, reversing the District Court, rejected a challenge to the subsection (B) definition of child pornography, concluding that it was neither vague nor overbroad. *United States v. Hilton*, 167 F.3d 61 (1st Cir.1999), *reversing United States v. Hilton*, 999 F.Supp. 131 (D.Me.1998) (Carter, Dist. J.). The United States Supreme Court declined to grant Hilton's petition for certiorari review. *Hilton v. United States*, 528 U.S. 844, 120 S.Ct. 115, 145 L.Ed.2d 98 (1999) (Mem.).

The First Circuit's opinion was not the final word. The Supreme Court majority in *Free Speech Coalition* held that subsections (B) and (D) of § 2256(8) were unconstitutional because the severe criminal penalties attached impinged rights to free speech protected by the First Amendment. With regards to subsection (B)'s prohibi-

tion of virtual pornography the Court concluded that, in reaching materials that were made without the involvement of children, it "abridge[d] the freedom to engage in a substantial amount of lawful speech" and was therefore "overbroad and unconstitutional," 122 S.Ct at 1405. With respect to subsection (D)'s prohibition on the possession of materials pandered as child pornography but which are known to be mislabeled as such, the Court concluded that this provision was "substantially overbroad." *Id.* at 1406. In resolving the Circuit split generated by the Ninth Circuit's opinion, the Supreme Court noted that four other Courts of Appeals, including the First Circuit in *Hilton*, had concluded that the provisions challenged were constitutional. *Free Speech Coalition*, 122 S.Ct. at 1398 (citing *United States v. Fox*, 248 F.3d 394 (5th Cir.2001); *United States v. Mento*, 231 F.3d 912 (4th Cir.2000); *United States v. Acheson*, 195 F.3d 645 (C.A.11 1999); *Hilton*, 167 F.3d 61).

Generally, a new constitutional rule announced by the Supreme Court does not apply retroactively to cases on collateral review under the finality rule of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Although *Free Speech Coalition* was decided after Dean's conviction, the Court can apply it retroactively to Dean's motion because Supreme Court decisions, like *Free Speech Coalition*, that "decide the meaning of criminal statute enacted by Congress" are not subject to *Teague's* bar. *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). One judge in the District of Maine has already reached this conclusion with respect to *Free Speech Coalition*-based § 2255 challenges. *United States v. Oakes*, 224 F.Supp 2d. 296, 298 (D.Me.2002) (Carter, Dist. J.); *see also id.* at 298 n. 3 (observing that if *Teague* did apply—in that *Free Speech Coalition* was considered a new rule of criminal proce-

dure—it would fall within *Teague's* second exception to non-retroactivity because it places certain conduct beyond the authority of Congress to proscribe).

The record pertaining to Dean's *Free Speech Coalition* challenge is as follows. In an apparent tactical move to limit the amount of evidence in front of the jury pertaining to the content of the images attributed to Dean, counsel stipulated that sixteen images "are, or appear to be[,] visual depictions of minors engaging in sexually explicit conduct." (Gov't Resp. Ex.) The Court's instructions were crafted and, reviewed by both sides, in light of the broad and alternative definitions permitted under the pre-*Free Speech Coalition* 18 U.S.C. § 2256(8) parameters. Vis-à-vis the definition of child pornography, the jury was instructed as follows:

> In relevant part, federal law defines child pornography as any visual depiction of sexually explicit conduct where, one, the visual depiction is or appears to be of a minor engaging in sexually explicit conduct; or, two, such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexual—sexually explicit conduct; or, three, such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual

depiction of a minor engaging in sexually explicit conduct.

(Tr. at 543; *see also id.* at 28.) The Court then told the jury that the parties had stipulated that Government Exhibits 3–A through 3–T "are or appear to be visual depictions of minors engaging in sexually explicit conduct" (*id.* at 545), consequently they had to accept the stipulation as fact (*Id.* at 532). (*See also id.* at 592–94.) With respect to the requirement that the United States prove that Dean knowingly possessed the images, the Court instructed that the jury must conclude that he not only "knowingly possessed the visual images, but that he did so knowing that the subjects of those images were, in fact, appeared to be or advertised, promised, presented, or described as minors engaging in sexually explicit conduct." (*Id.* at 538–39, *see also id.* at 54, 541.) The parties did not object to this part of the Court's instructions. (*Id.* at 475, 477, 487.) Indeed throughout the trial the parties proceeded on the assumption that this was the correct definition under federal law and with the stipulation in mind. (*See id.* at 48, 67.)[1]

Dean's *Free Speech Coalition* challenge, therefore, could have some foothold in the habeas context in that he was convicted in reliance on a definition of child pornography that the Supreme Court has ruled is unconstitutional.[2] However, though the United States inexplicably does not raise the concern, *see*

1. The only reference to whether it might be important whether the children in the pictures were actually minors came when the U.S. Attorney was exploring the qualifications of his expert. (*Id.* at 215–16; *see also* 239, 243.)

2. *Free Speech Coalition* impacts not only the definitional passages of the instructions; it adds another layer to the scienter analysis of 18 U.S.C. § 2252A(a) in view of *United States v. X–Citement Video*, 513 U.S. 64, 115 S.Ct.

464, 130 L.Ed.2d 372 (1994). *See United States v. Reilly*, 2002 WL 31307170, *4–6 (S.D.N.Y. Oct.15, 2002) ("[I]n light of *X-citement* and consistent with the narrow class of images which the *Free Speech* Court ruled are prohibited by the [18 U.S.C. § 22552A(a)], a defendant in possession of materials containing visual depictions of real minors engaging in sexually explicit conduct must know that real minors were the subject of the visual depictions.").

*United States v. Wiseman,* 297 F.3d 975, 979 (10th Cir.2002) (while procedural default is waivable it can also be raised *sua sponte* by the court in the interest of finality and judicial efficiency), Dean's *Free Speech Coalition* challenge is blatantly defaulted. It is hornbook law that habeas review is not a substitute for a direct appeal. *Bousley,* 523 U.S. at 621, 118 S.Ct. 1604 (citing *Reed v. Farley,* 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)). Dean's failure to object to the jury instructions and his decision not to take a direct appeal are "omissions that transgress the general rule that a criminal defendant must seasonably advance an objection to a potential constitutional infirmity in order to preserve the point for collateral attack." *Derman v. United States,* 298 F.3d 34, 44 (1st Cir.2002). "The inquiry into the applicability of the procedural default rule is for the most part, black or white: either the defendant proffered a timely objection or he did not." *Id.*

To overcome this default Dean must demonstrate "cause and prejudice" for this default, *Bousley,* 523 U.S. at 622, 118 S.Ct. 1604; *Derman,* 298 F.3d at 45; *Cody v. United States,* 249 F.3d 47, 52 (1st Cir. 2001), or demonstrate that he is actually, factually innocent, *Bousley,* 523 U.S. at 623–24, 118 S.Ct. 1604; *see also Awon v. United States,* 308 F.3d 133, 142–43 (1st Cir.2002) (describing actual innocence exception as "quite narrow and seldom used", reserved for "extraordinary cases"; also questioning if the movant adequately raised factual innocence).

The First Circuit has viewed the *Bousley* "cause" prong as having a very narrow aperture. Neither the legal unavailability due to the novelty of a challenge nor the futility of raising it in a court that has already ruled adversely to the position is sufficient. *See Simpson v. Matesanz,* 175 F.3d 200, 211 (1st Cir.1999) (addressing defaulted challenge to jury instructions raised in a 28 U.S.C. § 2254 petition based on post-trial state court ruling that altered the instruction requirement). Here the challenge was not entirely novel in that four circuits had addressed the question and the Ninth Circuit, well in advance of Dean's trial, had embraced it. This is sufficient to constitute availability. *See Bousley,* 523 U.S. at 622–23, 118 S.Ct. 1604; *Simpson,* 175 F.3d at 211. With respect to futility, it is true that the First Circuit had expressly rejected a *Free Speech Coalition*-esque challenge in *Hilton.* However, the First Circuit has made it clear that the fact that there are First Circuit precedents that hold against the movant's argument does not suffice to establish futility. *See, e.g., Brache v. United States,* 165 F.3d 99 (1st Cir.1999) (pre-*Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) trial on the "use" element of 18 U.S.C. § 924(c)(1) at which time the First Circuit had a precedent that was overturned by *Bailey* ). Also worth noting, unlike the cases in which the First Circuit found a want of "cause" even though the challenge was "settled" adversely to the argument at the time of judgment, the Supreme Court granted review on *Free Speech Coalition* some months prior to Dean's trial. Dean was indicted on July 11, 2000. On December 17, 1999, the Ninth Circuit held "that the First Amendment prohibits Congress from enacting a statute that makes criminal the generation of images of fictitious children engaged in imaginary but explicit sexual conduct." *Free Speech Coalition v. Reno,* 198 F.3d 1083, 1086 (9th Cir.1999). The United States Supreme Court granted the petition for writ of certiorari on January 22, 2001. *Ashcroft v. Free Speech Coalition,* 531 U.S. 1124, 121 S.Ct. 876, 148 L.Ed.2d 788 (2001) (Mem.). Dean's trial began in April of the same year.

While some question the wisdom of drawing the *Bousley* "cause" parameters so narrowly, *see United States v. Smith,* 250 F.3d 1073 (7th Cir.2001) (Wood, Cir. J., dissenting from denial of rehearing *en banc*) (suggesting that *Bousley* can be read more permissibly with respect to the "cause" showing); *Brache v. United States,* 165 F.3d 99, 103 (1st Cir.1999) ("One might question whether litigants should be encouraged to raise over and over issues seemingly already settled in the circuit.... Whether the present configuration of habeas doctrine is the happiest solution may be open to debate, but it is a compromise of conflicting pressures and is in any event binding upon us."), this court is bound to follow the First Circuit's clear "cause" directive that is squarely on point here.

The only avenue for Dean to escape his default is the demonstration of his actual, factual innocence. Dean's contention that he does not believe that the pictures show actual children sufficiently raises the actual innocence argument in the context of the United States' silence on the topic of procedural default and my *sua sponte* procedural default analysis. *Compare Oakes,* 224 F.Supp.2d at 302 n. 8 (concluding that the represented § 2255 movant had not adequately generated an actual innocence argument and noting that the Court's own review of the pictures underlying the prosecution allowed it to safely conclude that the movant could not succeed with an actual innocence argument even if the claim was generated); *see also Awon,* 308 F.3d at 142–43 (questioning whether the argument of actual innocent was adequately plead but addressing it as if it was).

To establish actual innocence Dean must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the three 18 U.S.C. § 2252A(a) counts if he were tried in conformity with *Free Speech*

*Coalition See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Given the stipulation of the parties regarding the nature of the photographs and the defense arguments emphasizing Dean's lack of knowledge regarding the child pornography he received in files attached to unsolicited e-mails, the court's apparently erroneous pre-*Free Speech Coalition* instruction had little or nothing to do with the jury's finding of guilt. There is sufficient evidence to support a factual finding that the visual depictions *are* minors engaging in sexually explicit conduct; after all, Dean stipulated to that very fact, among other alternatives. Had he been tried in conformity with the *Free Speech Coalition* decision—that is, had the Court's instructions not incorporated the language of subsections (B) and (D) of § 2256(8)—there is absolutely no reason to believe that a reasonable jury would have returned any other verdict. *See cf. United States v. Richardson,* 304 F.3d 1061, 1064 & n. 4 (11th Cir.2002) (rejecting *Free Speech Coalition* challenge on direct appeal, noting that at no point during trial did the defendant question that the images depicted real children, concluding upon its own examination that the children depicted were real and that a jury could not reasonably conclude that the children were virtual). On this record Dean has not come close to making a showing of actual innocence that would entitle him to a *Bousley* type evidentiary hearing, let alone a new trial wherein he could assert an entirely new defense to these charges.

### Conclusion

Because I conclude that Dean has forfeited his habeas relief by not raising his challenge at trial or direct appeal, and that there are no grounds raised by this petition to excuse this default, I recommend that the Court DENY Dean's motion.

*NOTICE*

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 5, 2002.