United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 29, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 01-21166

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ENRIQUE GONZALES, SR.,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

ON PETITION FOR
REHEARING EN BANC

(Opinion April 1, 2003, 327 F.3d 416)

Before GARWOOD, SMITH, and BARKSDALE,
  Circuit Judges.

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service not having voted in favor (FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

KING, Chief Judge, and HIGGINBOTHAM, DeMOSS, BENAVIDES, STEWART, and DENNIS, Circuit Judges:

With respect, we dissent from the decision to deny en banc consideration of this case.

1. The panel opinion creates a circuit conflict with the decision of the Tenth Circuit in U.S. v. Wiseman, 297 F.3d 975 (10th Cir. 2002). In Wiseman, as here, the issue was whether the decision in Castillo v. U.S., 530 U.S. 120 (2000), that Congress intended to create a separate offense of possessing a machinegun shall be available to earlier convicted defendants on habeas review. The Tenth Circuit in Wiseman said yes, and the panel said no, holding that the statutory interpretation is Teague barred.

2. The Supreme Court in Castillo made plain that the decision rested on its finding of congressional intent, explaining:

> "for the reasons stated, we believe that Congress intended the firearm type-related words it used in §924(c)(1) to refer to an element of a separate, aggravated crime." 530 U.S. at 131.

> It is well established that when the Supreme Court construes a statute, "it is explaining its understanding of what the statute has meant continuously since the date when it became law." Bousley v. U.S., 524 U.S. 614 (1998). A statement of what the law is and always was cannot be a new constitutional rule of criminal procedure.

3. Congress provided that each of the "firearm type-related words" used in §924(c)(1) describes an element of a separate, aggravated crime. It follows that each of these separate crimes carries its own separate punishment as set forth in §924(c)(1). Contrary to the panel opinion, we do not think that the decision of the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), informs our issue. Proof of the type of firearm used does not "increase the maximum penalty for that crime," but simply satisfies an element of that separate crime which has its own defined penalty.

4. We are persuaded that Castillo's holding that Congress intended to create separate crimes is substantive; that

implementing its substantive holding worked procedural changes cannot be determinative. To conclude otherwise expands <u>Teague</u> beyond the authority of this court and poses a frontal challenge to the Article III proscriptions of judicial legislation.

For these reasons, we think the panel opinion is in error and the majority of this Court erred in denying *en banc* reconsideration.