FILED
United States Court of Appeals
Tenth Circuit

November 12, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

KELLY DON LEDFORD,

      Petitioner - Appellant,

v.

JUSTIN JONES,

      Respondent - Appellee.

No. 07-6040

W. D. Okla.

(D.C. No. 5:06-CV-00460-R)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Kelly Don Ledford proceeding *pro se*[1] and *in forma pauperis*, requests a Certificate of Appealability (COA) to appeal from the district court's denial of his

---

[1] We liberally construe *pro se* pleadings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

motion filed pursuant to 28 U.S.C. § 2254.[2]  We deny Ledford's request and dismiss his COA application.

## I. BACKGROUND

On January 6, 2000, Ledford led Oklahoma police on a high speed chase after leaving a residence suspected of drug activity.  The chase involved speeds of over one hundred miles per hour and ended when Ledford lost control of the car.  As the car swerved, Ledford struck and seriously injured a police officer who was attempting to stop his vehicle.  When the car came to a stop, Ledford abandoned his vehicle and fled on foot before being apprehended.  A search of his vehicle at the scene produced a radio scanner, drug paraphernalia, a gun and controlled substances.  Ledford was convicted by a jury in state court on nine counts: (1) assault with a dangerous weapon; (2) assault and battery with a deadly weapon-automobile; (3) illegal use of a radio during the commission of a crime; (4) possession of a firearm in the commission of a felony; (5) attempt to elude a police officer; (6) unlawful possession of drug paraphernalia; (7) resisting arrest; (8) unlawful possession of a controlled dangerous substance while in the presence of a child; and (9) operation of a motor vehicle involved in a personal injury accident while under the influence of a controlled substance.  He was sentenced to

---

[2] Ledford's petition mistakenly referred to 23 U.S.C. § 2254.  The district court correctly determined this was a scrivener's error.  Ledford is challenging his state court conviction and his intention was to file the petition under 28 U.S.C. § 2254.

a total term of 41 years imprisonment.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed Ledford's conviction and sentence.

Ledford then filed an application for post-conviction relief in state court raising nine issues, including a claim that the charging documents erroneously defined an automobile as a "deadly" weapon rather than merely a dangerous weapon and his appellate counsel was ineffective.  He then supplemented that application to add a claim the evidence used for his conviction was the fruit of an illegal search.  The supplemental brief contained photographs allegedly from an Oklahoma newspaper showing his vehicle with all doors and its trunk open at the scene.  Ledford claimed the pictures demonstrated he was convicted with evidence from a warrantless search in violation of the Fourth Amendment.  In his supplemental pleading, he did not claim the pictures were newly discovered evidence.  The state trial court denied the application.

The OCCA affirmed, concluding all issues except the ineffective assistance of appellate counsel claim were procedurally barred because the issues "were raised within his direct appeal or could have been raised in the direct appeal."  (R. Doc. 13, Ex. E at 2.)  It also affirmed the state trial court's determination that Ledford's appellate counsel did not render ineffective assistance.

Ledford filed a second application for post-conviction relief in the state trial court claiming, for the first time, the press photos, which had been attached

to the supplement to his first application, were newly discovered evidence. According to Ledford, they demonstrated his car was searched prior to the issuance of a search warrant. The court concluded the newspaper photographs did not constitute newly discovered evidence and Ledford's arguments in that regard were without merit. The OCCA affirmed.

Ledford then filed his § 2254 petition reasserting the arguments from his first, supplemental and second applications for post conviction relief. It was referred to a magistrate judge who issued a comprehensive Report and Recommendation (R&R) suggesting Ledford's petition be dismissed in its entirety. Relevant here, the R& R concluded Ledford's Fourth Amendment claim was not cognizable in a federal habeas proceeding because he had a full and fair opportunity to litigate this claim in state court, but did not, and rejected Ledford's assumption that Oklahoma law would not treat an automobile as a deadly weapon.

Ledford filed objections to the R&R. The district court determined Ledford filed specific objections to only two issues addressed by the R&R – the search of his automobile and the erroneous definition of an automobile as a deadly weapon in the charging documents. The remainder of his objections were "too vague to allow purposeful review."[3] (R. Doc. 26 at 2.)

---

[3] Ledford objected to Grounds Two through Nine as follows:

(A.) The trial Court failed to ever provide a "full and fair" review of each of the Petitioner's constitutional claims, by erroneously applying the State procedural bar and the "Doctrine" of res judicata

The district court held Oklahoma provided Ledford an opportunity to fully and fairly litigate his Fourth Amendment claim both at trial and on appeal and, therefore, habeas relief was not available. The court also noted Ledford failed to cite any Oklahoma law holding an automobile may not be considered a deadly weapon, thus failing to demonstrate his charging documents were insufficient. Ledford's subsequent request for a COA was denied. Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, he renews his application for a COA in this Court. *See* 28 U.S.C. § 2253(c)(1)(A).

## II. DISCUSSION

A.  The Firm Waiver Rule

"We have adopted a 'firm waiver rule' whereby the failure to timely object to a magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Jones v. Salt Lake County*, 503 F.3d 1147, 1152 (10th Cir. 2007) (quotations omitted). The claims of pro se litigants will not be barred by the rule if the litigant "has not been informed of the time period for objecting and the consequences of failing to object . . . or the interests of justice require review." *Id.* (quotations omitted). Neither exception to the firm waiver

---

to each of these claims.
(B.) Because the trial Court failed to ever provide an Evidentiary Hearing, regarding the "newly discovered evidence," the Court's "fining of fact" is flawed and clearly unreasonable and incorrect.

(R. Doc. 25 at 26.)

rule applies here. Ledford was informed of the time limitations for objections and "[t]he failure to timely object would foreclose appellate review of the suggested ruling." (R. Doc. 22 at 51.) The interests of justice do not require review of the issues waived by Ledford's failure to specifically and adequately object to the R&R. We are left to consider only Ledford's Fourth Amendment and sufficiency of the charging documents claims.

## B. Certificate of Appealability

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is

present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

1. Fourth Amendment

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). Ledford argues his Fourth Amendment claim should be considered because he never had a full and fair opportunity to litigate it. He posits the State's deliberate failure to produce the search warrant used to conduct an inventory search of his car and its affiliated documents prevented him from arguing an illegal search occurred before a search warrant issued. This, according to Ledford, excused his failure to raise this issue at trial or on direct appeal.

The failure to provide the search warrant and affiliated documents, even if true, did not prevent Ledford from challenging the search of his vehicle at trial or on direct appeal. If Ledford had any question whether the evidence used against him was illegally confiscated, he could have requested any documentation necessary. He does not allege he asked for any documentation. Neither does he argue his trial counsel was ineffective for failing to do so. Because Ledford had a

full and fair opportunity to litigate this claim in state court, this claim is not cognizable in a federal habeas corpus proceeding.

2. Sufficiency of the Charging Documents

The OCCA concluded this claim was procedurally barred. However, the magistrate and the district court did not address the procedural bar applied by the OCCA. Rather, the claim was addressed on its merits. We will do the same. *See United States v. Wiseman*, 297 F.3d 975, 980 (10th Cir. 2002) ("Consideration of the procedural bar would not be an efficient use of judicial resources in this case.").

Ledford maintains Oklahoma law defines an automobile as a "dangerous" weapon, not a "deadly" weapon as was alleged in the charging documents. The district court correctly noted Ledford failed to produce any Oklahoma law which stands for the proposition that an automobile cannot be a deadly weapon. There is no doubt a car can be a deadly weapon when used in the manner it was used by Ledford here. This claim has no merit.

We **DENY** Ledford's request for a COA and **DISMISS** the application.

ENTERED FOR THE COURT

Terrence L. O'Brien
United States Circuit Judge

-8-