FILED
United States Court of Appeals
Tenth Circuit

February 9, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENET CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY MARGHEIM,

Defendant - Appellant.

No. 16-1451
(D.C. Nos. 1:15-CV-00481-DME and
1:10-CR-00326-PAB-17)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **McHUGH**, Circuit Judges.

After a bench trial, Terry Margheim was convicted of federal gun and drug crimes and this court affirmed the conviction on direct appeal. *United States v. Margheim*, 770 F.3d 1312 (10th Cir. 2014). Margheim then filed a habeas petition under 28 U.S.C. § 2255 seeking relief on a number of grounds. The district court rejected Margheim's arguments and proceeded to reject his request

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for a certificate of appealability (COA) in a separate order. Margheim now renews his request for a COA for a subset of the claims the district court considered—claims related to ineffective assistance of counsel.

We may only issue a COA if Margheim makes a "substantial showing of the denial of a constitutional right," such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And to prevail on claims that his counsel was constitutionally ineffective, Margheim must show two things: (1) counsel's representation "fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Margheim first claims his lawyers were ineffective because they failed to raise arguments related to the Speedy Trial Act and to the calculation of criminal history points at sentencing. But as the district court found, these arguments are without legal merit. So even had these claims been raised, there is no reasonable probability that Margheim would have prevailed, meaning he cannot show ineffective assistance of counsel. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006); *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999).

Margheim also claims his trial counsel was ineffective in failing to convey a proposed plea deal to him. During Margheim's § 2255 proceedings, the district

court conducted an evidentiary hearing on this claim. At the hearing, a government witness testified that no such plea offer had been made, and the district court found this testimony credible. Construed liberally, Margheim's appeal argues that this fact-finding constituted clear error. But he offers no good reason to think the district court clearly erred in accepting the witness's testimony that no such plea offer was on the table. *See United States v. Wiseman*, 297 F.3d 975, 978 (10th Cir. 2002). Once again, he cannot show ineffective assistance.

The application for a COA is denied and this appeal is dismissed. We deny as moot Margheim's request that the government respond to his pleadings.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Chief Judge