**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LONNIE WISEMAN,

    Defendant - Appellant.

No. 18-2143
(D.C. Nos. 1:16-CV-00700-JAP-KRS &
1:96-CR-00072-JAP-2)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.
_____

Lonnie Ray Wiseman seeks a certificate of appealability (COA) in order to

challenge the district court's denial of his motion to vacate, set aside, or correct his

sentence under 28 U.S.C. § 2255. Because Wiseman has failed to satisfy the standard

for issuance of a COA, we deny his request and dismiss this matter.

I.

Wiseman was convicted of six counts of robbery in violation of the Hobbs Act,

18 U.S.C. § 1951(a), and two counts of using a firearm during and in relation to a

crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2. He was sentenced to 235 months on the robbery counts, 120 months consecutive on the first firearm count, and 240 months consecutive on the second firearm count, for a total of 595 months' imprisonment. This court affirmed on direct appeal. *United States v. Wiseman*, 172 F.3d 1196, 1220 (10th Cir. 1999).

In 2002, Wiseman was partially successful in his first § 2255 motion, when this court held that the jury's finding as to the first firearm conviction could support only a 60-month sentence and remanded the case for resentencing. *United States v. Wiseman*, 297 F.3d 975, 982-83 (10th Cir. 2002). On remand, the district court entered an amended judgment decreasing the sentence on the first firearm conviction to 60 months, and Wiseman's total imprisonment to 535 months. Shortly thereafter, the court entered another new amended judgment that corrected a clerical error. Wiseman did not file any § 2255 motions after entry of the amended judgments.

In 2016, Wiseman filed two motions for authorization to file second or successive motions under § 2255. In his first motion, No. 16-2152, Wiseman, who was represented by appointed counsel, sought authorization to challenge his § 924(c) convictions under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Case No. 16-2152 was abated pursuant to this court's procedure for handling second-or-successive *Johnson* challenges to § 924(c) convictions.

In the second motion, No. 16-2239, Wiseman, proceeding pro se, sought authorization to challenge his § 924(c) convictions under *Rosemond v. United States*, 572 U.S. 65 (2014). Briefly, *Rosemond* held that to prove a defendant aided or abetted a § 924(c) violation, the government must prove "that the defendant actively

2

participated in the underlying drug trafficking or violent crime with *advance knowledge* that a confederate would use or carry a gun during the crime's commission." *Id*. at 67 (emphasis added). According to Wiseman, the jury instructions in his case were legally erroneous because they did not require the jury to find that he had "advance knowledge" that his confederate was carrying the Tec-9 firearm. We granted Wiseman's motion to appoint counsel, who thereafter filed a brief stating that he had nothing to add to Wiseman's pro se motion. We denied the motion for authorization because *Rosemond* does not meet the requirements for authorization under § 2255(h); it does not state a rule of constitutional law that the Supreme Court has made retroactively applicable to cases on collateral review. *In re Wiseman*, No. 16-2239, slip op. at 2 (10th Cir. Dec. 29, 2016) (unpublished order).

In February 2017, Wiseman filed an unopposed motion to transfer the abated *Johnson* motion, No. 16-2152, to the district court. Wiseman argued that he did not need approval to file the § 2255 motion, because he had not filed a habeas motion following entry of the amended judgment in 2002. *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (Where "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." (citation and internal quotation marks omitted)). This court granted the motion, lifted the abatement, and transferred the matter to the district court. At the same time, we stated that "[w]e express no opinion regarding Mr. Wiseman's *Magwood* argument." *In re Wiseman*, No. 16-2152, slip op. at 1 (10th Cir. Feb. 23, 2017) (unpublished order).

3

On May 16, 2017, Wiseman filed an amended § 2255 motion in district court that added a claim under *Rosemond*. The court concluded that Wiseman was not entitled to the benefit of *Magwood* and was therefore required to obtain this court's authorization before proceeding with his *Johnson* and *Rosemond* claims. It transferred the motion back to this court for authorization. We held that the 2002 amended judgments were new judgments under *Magwood* and granted Wiseman's motion to remand. Again, we stated that "[w]e express no opinion on any other argument raised in this matter, including the timeliness of Wiseman's claims or whether they are procedurally defaulted." *In re Wiseman*, No. 18-2028, slip op. at 2 (10th Cir. April 24, 2018) (unpublished order).

The district court denied Wiseman's amended § 2255 motion. Relevant here, the court determined that the *Rosemond* claim was untimely under § 2255(f) and concluded in the alternative that the claim failed on the merits because any error in the jury instructions was harmless. The court denied a COA.

## II.

Wiseman now seeks a COA from this court in order to appeal the district court's order dismissing his *Rosemond* claim.[1] *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under

---

[1] The district court determined that Wiseman was not entitled to relief under *Johnson* and that it lacked jurisdiction on his claim for habeas relief under 28 U.S.C. § 2241. Wiseman seeks a COA on his *Rosemond* claim only.

4

section 2255."). To obtain a COA, Wiseman must make "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Where a district court dismisses a § 2255 motion on procedural grounds such as untimeliness, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. We bypass the constitutional question because we can easily dispose of the matter based on the procedural question. *See id*. at 485.

### III.

The district court dismissed Wiseman' *Rosemond* claim because it was untimely under § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Wiseman does not contest the untimeliness of his *Rosemond* claim under § 2255(f)(1), (3), or (4).  Instead, he argues that the claim was timely under § 2255(f)(2) because it was filed within one year from the removal of an illegal or unconstitutional government-created impediment that prevented him from raising the claim until May 19, 2016, when counsel was appointed to represent him in No. 16-2152, the *Johnson* matter.

Wiseman was incarcerated in the Iowa State Penitentiary when *Rosemond* was decided in 2014.  He provided an affidavit from the prison's librarian that explained that the prison law library had not been updated since 2001, and it was not until September 2015, that the prison computers were updated with a LEXIS CD database that was kept current every 90 days.  According to Wiseman, the lack of access to the *Rosemond* decision was an impediment under § 2255(f)(2), which was not removed until May 19, 2016, when counsel was appointed in the *Johnson* matter.  Putting a slightly finer point on the issue, Wiseman contends that even though he theoretically had access to *Rosemond* in September 2015, only a lawyer would have known about the significance of *Rosemond* to his convictions under § 924(c) and what course of action to pursue.

Assuming without deciding that the limitations of a prison law library might constitute an impediment under § 2255(f)(2), we agree with the district court that Wiseman had access to *Rosemond* beginning in September 2015, and his claim had to

be filed no later than September 2016—one year after the impediment was removed. We also reject Wiseman's argument that the one-year limitations period did not begin to run until May 19, 2016, when counsel was appointed. The lack of legal training or counsel *is not* an impediment under § 2255(f)(2). No reasonable jurist could debate the propriety to the district court's determination that Wiseman's *Rosemond* claim was untimely.

## IV.

Wiseman's request for a COA is denied and this matter is dismissed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge