**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

EDWARD HOWARD KELL, JR.,

  Defendant-Appellant.

No. 03-6223
(D.C. Nos. 02-CV-1258-R
& 00-CR-25-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and   **KANE** ,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**   The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Defendant-appellant Edward Howard Kell, Jr. was convicted on a guilty plea of several drug-related charges, including conspiracy, possession, and distribution. *See United States v. Kell*, 41 Fed. Appx. 350, 352 (10th Cir. 2002) (setting out charges to which defendant pled guilty). He was sentenced to 210 months in prison. His convictions were affirmed on direct appeal. *Id.* He then filed the underlying motion to vacate, set aside, or correct sentence and conviction, pursuant to 28 U.S.C. § 2255. The district court denied relief. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

<u>Nature of the Case</u>

Mr. Kell contends that his trial and appellate attorneys rendered ineffective assistance in their advice and handling of his guilty plea to count 1, which charged him with conspiracy to possess with intent to distribute cocaine powder, cocaine base and phencyclidine. [1] He avers that trial counsel gave him incorrect and misleading information, on which he relied, causing him to believe that he would receive a sentence far shorter than the sentence actually imposed. He expected his sentence to be based only on the charge of conspiracy to distribute cocaine powder, but the sentence included the charge based on cocaine base, as well.

---

[1] The prosecution did not offer Mr. Kell a plea agreement to reduced charges because he declined to agree to the standard condition that he cooperate with the prosecution.

The district court considered affidavits and heard testimony from Mr. Kell and one of his trial attorneys, Mack K. Martin, who also represented Mr. Kell on direct appeal. After making extensive written findings of fact and conclusions of law, the district court denied Mr. Kell's § 2255 motion, and also denied his request for a certificate of appealability (COA). Mr. Kell appeals. This court granted a COA on the following issues:

> Whether [Mr. Kell] was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel in connection with his guilty plea to count 1 of the indictment and in connection with his attorneys' failure to challenge the voluntariness of his plea on direct appeal.

<u>Legal Standards</u>

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. We review de novo the district court's rulings on questions of law, and its findings of fact for clear error. *United States v. Wiseman*, 297 F.3d 975, 978 (10th Cir. 2002). "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

A guilty plea is valid only if it is knowing, intelligent and voluntary. *See United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990). An attorney's material misrepresentation of the consequences of a plea may render a plea involuntary. *See United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir. 1990). A defendant who challenges a guilty plea based on ineffective assistance of counsel must demonstrate (1) deficient performance by counsel that (2) caused prejudice to the defendant, *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993), such that "but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Claims of ineffective assistance of counsel are properly brought in collateral proceedings, rather than on direct appeal. *United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003).

## Discussion

We first consider Mr. Kell's claim that his trial attorneys rendered constitutionally ineffective assistance relative to his guilty plea to count 1. As noted above, he claims that the attorneys informed him that his sentence would not include any reference to cocaine base, but would be based only on cocaine powder. He contends that his attorneys predicted a ten-year sentence. In fact, the 210-month sentence imposed included significant additional prison time based on

-4-

cocaine base. Mr. Kell maintains that if he had known the true situation, he would not have entered a guilty plea to count 1.

After considering the affidavits and the evidence adduced at the hearing, the district court found not credible Mr. Kell's claim that he would not have pleaded guilty if he had been told he was pleading guilty to conspiracy to distribute cocaine base. The court noted Mr. Kell's acknowledgment at the time he entered his guilty plea that the penalty could be the same as if he had not pleaded guilty and been convicted, that the minimum punishment was ten years and the maximum was life in prison, that the judge would decide the sentence, that his plea was voluntary, and that he was satisfied with his attorneys' services.

By affidavit, attorney Martin denied having told Mr. Kell that the maximum sentence he could expect was ten years or that his sentence would not include cocaine base. Rather, Mr. Martin stated that he explained to Mr. Kell that they could make a legal argument in hopes of convincing the judge not to apply the sentencing guideline for cocaine base. In addition, Mr. Martin testified at the hearing that he discussed with Mr. Kell before the guilty plea that the prosecution would argue for a sentence based on cocaine base as well as cocaine powder, and that Mr. Kell never requested to withdraw his guilty plea. The district court found attorney Martin's testimony more credible than Mr. Kell's, and determined

that Mr. Kell had been informed that he could be held accountable for cocaine base and that he had not requested to withdraw his guilty plea.

On appeal, Mr. Kell maintains that the district court's findings are clearly erroneous because, on cross-examination, Mr. Martin stated that the guilty plea was "fashioned" to admit guilt to a conspiracy for powder cocaine only, not for cocaine base. He further argues that Mr. Martin's advice to enter a guilty plea was constitutionally ineffective because Mr. Kell had, in fact, been charged with a conspiracy that included cocaine base. Consequently, according to Mr. Kell, the advice to enter a guilty plea to this charge and not expect the sentence to reflect the cocaine base element, was manifestly ineffective.

Mr. Kell does not contest the district court's finding that at the time he entered his guilty plea, he acknowledged that he could be sentenced to life and that the sentencing decision was entirely up to the sentencing judge. "It is well-established that a defendant's statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). The district court also found that Mr. Kell was informed before he entered his guilty plea that his sentence could include cocaine base. We are not persuaded that the district court's factual findings are clearly erroneous. Therefore, we hold that Mr. Kell

has failed to demonstrate that his guilty plea was not knowing, intelligent and voluntary.

Moreover, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (quotation omitted). We conclude that Mr. Kell has not overcome this presumption in light of the following circumstances: (1) Mr. Martin informed Mr. Kell that his sentence could include cocaine base, (2) the prosecution had an undisputedly strong case, and, (3) by entering a guilty plea, Mr. Kell would receive a three-point adjustment for acceptance of responsibility. Because we find no deficient attorney performance, we need not address whether Mr. Kell was prejudiced by his attorneys' performance. *Id.* at 697. Accordingly, we hold that the district court properly denied this claim.

The second issue covered by the COA is whether appellate counsel rendered ineffective assistance by failing to challenge on direct appeal the voluntariness of Mr. Kell's plea. Mr. Kell argues generally that the record demonstrates a reasonable probability that if this issue had been raised, the outcome of the appeal would have been different.

"When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995) (quotation and citation omitted). Based on our review of the record, and applying the standards of review set out above, we determine that appellate counsel's performance was not deficient for failing to raise this issue on appeal. Therefore, we reject Mr. Kell's claim that his appellate counsel was ineffective.

## Conclusion

Having determined that neither trial nor appellate counsel provided constitutionally ineffective assistance, we conclude that the district court's decision to deny relief was correct. Therefore, the judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge