**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURY JAY ANDERSON,

    Defendant - Appellant.

No. 05-4265
(D. Utah)
(D. Ct. No. 2:05-CV-557-DAK)
(D. Ct. No. 2:05-CR-666-DAK)

_____

**ORDER DENYING REQUEST TO PROCEED**
***IN FORMA PAUPERIS*,**
**DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Maury Jay Anderson, a federal prisoner proceeding *pro se*,[1] filed a 28

U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The district

court dismissed the motion. Anderson then filed a request for a certificate of

_____

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318
F.3d 1183, 1187 (10th Cir. 2003).

appealability (COA) in this Court. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 24(a)(5). He also requests leave to proceed on appeal *in forma pauperis* (*ifp*). Fed. R. App. P. 24(a)(5).

*Background*

On June 28, 2004, pursuant to a plea agreement, Anderson pled guilty to one count in a five count Indictment charging him with intentionally manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1). On January 26, 2005, the district court sentenced Anderson to seventy-eight months imprisonment. He did not file a direct appeal. Instead, he attempted this end-run by filing a motion under 28 U.S.C. § 2255 claiming the principles in *United States v. Booker,* 543 U.S. 220 (2005), apply retroactively to invalidate his sentence. The government responded to his motion without waiting for an order to do so. Anderson then filed a Motion to Vacate and requested the district judge disqualify himself because the government's *sua sponte* response tainted the court.

The district court dismissed Anderson's motions, concluding there was no impropriety in the government's filing a response without an Order and Anderson's sentencing claims were without merit. Anderson then filed a request for a COA with this Court. The district court did not rule on a request for a COA, presumably due to Anderson's failure to present one. Nevertheless, we consider the request denied by the district court if no COA issues within thirty days of

-2-

filing the notice of appeal.  *See* Fed. R. App. P. 22.1(C).

*Certificate of Appealability*

A COA is a jurisdictional pre-requisite to our review.  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Anderson makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations omitted).  We review the district court's factual findings for clear error and its legal conclusions de novo.  *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

We note that Anderson appears to have argued ineffective assistance of counsel in the district court but does not raise that issue on appeal.  Instead, he raises only allegations that his Fifth and Fourteenth Amendment rights were violated.[2]  These claims should have been raised on direct appeal.  "Generally, a movant is barred from raising an alleged error affecting his conviction or sentence for the first time on collateral review unless he can show both cause for the default and actual prejudice."  *United States v. Wiseman*, 297 F.3d 975, 979 (10th

---

[2] Anderson was sentenced ten days after the Supreme Court issued its opinion in *Booker*.

Cir. 2002); *see United States v. Frady,* 456 U.S. 152, 167-68 (1982).

Notwithstanding the obvious availability of the procedural bar defense in this case, the government did not file an appellate brief raising this issue. Although we may raise and enforce the procedural bar *sua sponte*, our "consideration of the procedural bar would not be an efficient use of judicial resources in this case." *Wiseman*, 297 F.3d at 980. To give Anderson notice and a reasonable opportunity to respond to the defense would require supplemental briefing, while the merits of his arguments have been fully addressed by the district court. Therefore, considering the merits of his arguments, we conclude he has failed to make a sufficient showing that he is entitled to a COA on any of his claims. The district court correctly determined the government's response to Anderson's motion was proper and *Booker* did not require more than a preponderance of the evidence standard at sentencing. *United States v. Magallanez*, 408 F.3d 672, 684 (10th Cir.) ("Both before and under the [Federal Sentencing] Guidelines, facts relevant to sentencing have generally been found by a preponderance of the evidence" and "[n]othing in *Booker* changes this analysis."), *cert. denied*, 126 S.Ct. 468 (2005). Moreover, *Booker* does not apply retroactively to cases on collateral review. *United States v. Bellamy,* 411 F.3d 1182, 1186 (10th Cir. 2005). Because his conviction became final before either decision was issued, Anderson cannot challenge his sentence under *Booker*. Therefore, the district court's order of dismissal is not reasonably debatable. *Slack,* 529 U.S. at 484. Accordingly, we

DENY Anderson's request for a COA.

*Request for IFP*

In addition, we reject Anderson's request to proceed *ifp* on appeal. "We have previously concluded that 28 U.S.C. § 2254 habeas corpus and 28 U.S.C. § 2255 proceedings, and appeals of those proceedings, are not 'civil actions' for purposes of 28 U.S.C. §§ 1915(a)(2) and (b)." *McIntosh v. United States Parole Comm'n.*, 115 F.3d 809, 811 (10th Cir. 1997). However, Anderson "remains obligated to comply with, and is subject to, all of the other provisions of 28 U.S.C. § 1915." *Id.* at 812. This includes a requirement that he present a reasoned, non-frivolous argument on appeal. *See* 28 U.S.C. § 1915(e)(2). Because Anderson has failed this requirement, his pending request to proceed *ifp* is DENIED. Anderson is ordered to immediately pay the full filing fee. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge