[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15993
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 1, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00446-CV-OC-10-GRJ

KENNETH L. RIVERS,

Petitioner-Appellant,

versus

DONALD A. MCKELVY,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 1, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Kenneth Rivers, a federal prisoner proceeding pro se, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1]  After a thorough review of the record, we affirm.

In December 2003, Rivers filed a pro se § 2241 petition challenging the imposition of a 30-year mandatory-minimum sentence for using and carrying firearms in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(B)(ii). According to the record, Rivers was indicted on four counts, including using and carrying firearms in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Following a trial, Rivers was convicted of all four counts.  Although the jury had not found that one of the firearms involved was a machine gun, the trial court made this finding and sentenced Rivers to a mandatory 360 months for the § 924(c) count, to run consecutively to the sentences imposed on the remaining counts.

On direct appeal, this court reversed one count, and affirmed as to the other counts, including the § 924(c) offense.  United States v. Brantley, 68 F.3d 1283 (11th Cir. 1995).  Thereafter, Rivers filed a motion to vacate pursuant to 28 U.S.C.

---

[1]  Because Rivers filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), the provisions of the act govern this appeal.

§ 2255, which the district court denied.[2] He also requested leave to file another § 2255 motion, raising the same claims as the instant petition, but this court denied leave because the motion was a second and successive motion to vacate.

Rivers then filed the instant § 2241 petition, arguing that his sentence is fundamentally defective because the district court lacked subject-matter jurisdiction to impose the mandatory-minimum 30-year sentence for possession of a machine gun, as the jury did not find that the firearm involved was a machine gun. Rivers asserted that he could meet the three-pronged test set out in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), to show that § 2255 was inadequate and ineffective. He asserted that two Supreme Court cases are relevant and retroactively applicable: Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), and Castillo v. United States, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000).[3] Rivers added that he is actually innocent of the conduct used to enhance his sentence.

The government responded that Rivers did not satisfy any of Wofford's

_____

[2] Rivers filed a notice of appeal from the denial of his § 2255 motion, but the appeal was dismissed for want of prosecution.

[3] In Edwards, the Supreme Court held that the sentencing guidelines instruct a judge to determine the amount and type of controlled substance involved. 523 U.S. at 513. In Castillo, the Supreme Court held that the firearm-type related words in the version of § 924(c)(1) at issue created a separate, aggravated offense and thus, the machine gun element must be identified in the indictment and proved beyond a reasonable doubt to the jury. 530 U.S. at 122-24, 131.

3

three prongs because neither Edwards nor Castillo applied retroactively, Rivers was not convicted of a nonexistent offense, and Rivers' arguments were not foreclosed by case law because Edwards was decided before the denial of his first § 2255 motion.[4] Additionally, the government argued that Rivers had not proved his actual innocence.

The district court dismissed the petition, discussing Wofford's three-pronged test for applying § 2255's savings clause and concluding that Rivers did not satisfy any prong. The court also found that even if Rivers had met Wofford's requirements, he had not established that he was actually innocent. Rivers now appeals.

Rivers argues that (1) he must only establish that his claim is based on a retroactively applicable Supreme Court decision overturning circuit precedent in order to receive the benefit of § 2255's savings clause; and (2) Castillo should be considered a retroactively applicable case. According to Rivers, he is not required to show that he was convicted of a nonexistent offense. Rivers also asserts that he meets the third prong of the Wofford test because circuit law foreclosed his raising his claims when he filed his first § 2255 petition.

---

[4] River's filed an objection to the magistrate judge's report and recommendation as to his §2255 motion after the decision in Edwards was announced, but he did not raise any argument concerning Edwards.

The availability of habeas relief under § 2241 presents a question of law that we review de novo.[5] Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer, 326 F.3d at 1365. The "savings clause" in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255. This court in Wofford established a three-prong test to determine the applicability of the savings clause to permit a federal prisoner to file a § 2241 petition attacking his conviction or sentence. The petitioner must show (1) that his claim is based on a retroactively applicable U.S. Supreme Court decision; (2) the holding of that decision establishes that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion. Wofford, 177 F.3d at 1244; see also Sawyer, 326 F.3d at 1365. Once the petitioner has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim, the question becomes whether or not he can establish actual innocence. Wofford 177 F.3d at 1244 n.3.

When a prisoner previously has filed a § 2255 motion to vacate, he must

---

[5] Rivers is not required to obtain a certificate of appealability ("COA") to appeal the dismissal of a § 2241 petition. Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

apply for and receive permission from the circuit court prior to filing a successive § 2255 motion. 28 U.S.C. §§ 2255, 2244(b)(3); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive-petition rule simply by filing another petition under § 2241. Wofford, 177 F.3d at 1245.

Here, Rivers cannot show that § 2255 was inadequate or ineffective. Rivers relies on two cases to enable him to file under § 2241 through § 2255's savings clause: Edwards and Castillo. As a starting point, the decision in Edwards would not affect Rivers's conviction or sentence, Edwards did not announce a new rule of law, and Edwards was available to him before the district court denied his first § 2255 motion to vacate. Thus, to succeed, Rivers must rely on Castillo as the basis for his claim.

This court has not addressed whether Castillo is retroactively applicable on collateral review, and other circuits are divided on the issue.[6] See United States v. Gonzales, 327 F.3d 416 (5th Cir. 2003) (holding that Castillo is not retroactively applicable); but see United States v. Wiseman, 297 F.3d 975, 981-982 (10th Cir. 2002) (concluding Castillo is retroactively applicable). We need not resolve this issue, however, because Rivers cannot meet Wofford's second prong and show that

---

[6] We note that, in denying Rivers leave to file a second and successive motion to vacate, this court indicated that Castillo was not retroactively applicable.

he was convicted of a "nonexistent offense." Wofford, 177 F.3d at 1244. In Castillo, the Supreme Court did not de-criminalize the offense conduct for which Rivers has been convicted; it determined that the offense conduct was a separate aggravated offense. 530 U.S. at 131. Therefore, even if the jury did not find that the firearm involved was a machine gun for purposes of the enhanced sentence, Rivers was convicted of an existent offense and cannot satisfy the second Wofford prong. Accordingly, he is not entitled to relief under § 2241.

Moreover, Rivers filed a previous § 2255 motion, which was denied, and he cannot use § 2241 as a means to circumvent the limits on successive applications or to show that § 2255 is inadequate or ineffective.

Finally, to the extent Rivers argues that he was actually innocent of the offense, his claims amount to legal insufficiency rather than factual innocence. The actual innocence exception is "exceedingly narrow in scope" and requires proof of factual innocence, not just legal insufficiency. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001); see also Sawyer, 326 F.3d at 1367.

For the foregoing reasons, we AFFIRM the district court.