[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12125
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00413-WTH-PRL

KENNETH L. RIVERS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 20, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth L. Rivers, a *pro se* federal prisoner, appeals the district court's

dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2241. On appeal, Rivers argues that the district court erred in dismissing his *Castillo v. United States*[1] claim, which establishes that his 30-year mandatory minimum sentence constituted a "fundamental defect" because it was outside the sentencing range for the crime authorized by Congress. He also contends that his sentence is unlawful under *DePierre v. United States*[2] because his indictment did not contain the required elements of a 21 U.S.C. § 841(b)(1)(A)(ii) enhancement.[3] Upon review of the record and consideration of the parties' briefs, we affirm.

Whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e) is a question of law that we review *de novo*. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013). The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013). Successive § 2241 petitions filed by federal prisoners are subject to threshold dismissal in the district court. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Under 28 U.S.C. § 2244(a), a court need not entertain a request for habeas corpus relief "if it appears that the legality of such detention has been determined by a

---

[1]    530 U.S. 120, 120 S. Ct. 2090, 147 L.Ed.2d 94 (2000).

[2]    564 U.S __, 131 S. Ct. 2225, 180 L.Ed.2d 114 (2011).

[3]    As Rivers has offered no substantive argument regarding the court's denial of his motion for reconsideration, he abandons that issue on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." The power of a district court to grant a writ of habeas corpus under 28 U.S.C. § 2241 is limited by § 2255(e), which states,

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [a § 2255 motion], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "An application for a writ of habeas corpus" includes a petition filed under § 2241. *Bryant*, 738 F.3d at 1262.

When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h). The restrictions on filing successive § 2255 motions do not render a § 2255 remedy "inadequate or ineffective" for purposes of the § 2255(e) savings clause. *Bryant*, 738 F.3d at 1267. Rather, to show that a prior § 2255 motion was inadequate or ineffective to test the legality of his detention, a petitioner asserting a sentencing-error claim must establish that: (1) binding circuit precedent squarely foreclosed the claim during the petitioner's sentencing, direct appeal, and first § 2255 proceeding; (2) after the petitioner's first § 2255 proceeding, a U.S. Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court

3

decision applies retroactively on collateral review; and (4) as a result of that new rule, the petitioner's sentence exceeds the statutory maximum authorized by Congress.  *See id.* at 1274.

Rivers's § 2241 petition—his second—is an attempt to circumvent the restriction on successive § 2255 motions.  The Court previously denied him leave to file a second or successive § 2255 petition, and for that matter, denied his first § 2241 petition.  *Rivers v. McKelvy*, 236 F. App'x 508, 509, 511 (11th Cir. 2007).  Rivers's *Castillo* argument fails for the same reason that it did on his last appeal: Even if the jury did not find that the firearm involved was a machine gun for purposes of the enhanced sentence, Rivers was convicted of an existent offense.  Further, Rivers's *Castillo* claim was addressed in a previous § 2241 proceeding, so it was subject to threshold dismissal in the district court.  28 U.S.C. § 2244(a).  Rivers's *DePierre* claim fails because he points to no case that says *DePierre* is retroactive.  Therefore, he has not met his burden under *Bryant* of showing that *DePierre* applies retroactively on collateral review.  *See Bryant*, 738 F.3d at 1274.

**AFFIRMED.**